UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GORDON SCHIFF** and **CELESTE ROYCE**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **U.S. OFFICE OF PERSONNEL MANAGEMENT**; **CHARLES EZELL**, in his official capacity as Acting Director of the U.S. Office of Personnel Management; **U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES**; **ROBERT F. KENNEDY, JR.**, in his official capacity as Secretary of Health and Human Services; **AGENCY FOR HEALTHCARE RESEARCH AND QUALITY**; and **MAMATHA PANCHOLI**, in her official capacity as Acting Director of the Agency for Healthcare Research and Quality, <br><br> *Defendants*. | Case No. 1:25-cv-10595-LTS |

### MEMORANDUM IN SUPPORT OF MOTION TO GRANT LEAVE TO APPEAR AS SUPERVISED LAW STUDENTS

Plaintiffs Gordon Schiff and Celeste Royce, through their attorneys, move this Court to grant Ben Menke, Bryce Morales, and Jessica Lin leave to appear in the above-captioned matter as law students under the supervision of Jessie Rossman, Rachel Davidson, John Langford, David Schulz, Scarlet Kim, Vera Eidelman, and Tyler Takemoto pursuant to Local Rule 83.5.4. Each of these students is enrolled in the Media Freedom and Information Access Clinic (MFIA) within the Abrams Institute for Freedom of Expression at Yale Law School. Plaintiffs have authorized the law students to represent them in this matter, including by appearing in court under the supervision of clinical faculty. *See* Clients' Consent to Student Representation (**Exhibit A**). As certified by the Dean of Yale Law School, the law students satisfy all academic and character requirements of

1

Local Rule 83.5.4(b) for permitting law students to appear in civil proceedings. *See* L.R. 83.5.4(b)(1)(C); Dean's Certification (**Exhibit B**); Law Student Certification Forms for Ben Menke, Bryce Morales, Jessica Lin (**Exhibits C – E**). However, Local Rule 83.5.4(d)(3) only allows qualified students to appear in civil proceedings when they "represent indigent parties," and Plaintiffs in this case are not indigent parties. L.R. 83.5.4(d)(3).

Plaintiffs ask that the Court waive one requirement at issue. The law students are not representing indigent parties in this case, but they are seeking to promote the free flow of medical expertise, which is essential for protecting indigent patients and the public at large. Further, the law students have attained client consent as required under subsection (g) of this rule. *See infra*, Argument. Plaintiffs request that the Court waive this requirement and permit the law students to appear on their behalf.

## ARGUMENT

**I.    WAIVER OF LOCAL RULE 83.5.4(d)(3) IS APPROPRIATE IN THIS CASE.**

Plaintiffs request that the Court waive Local Rule 83.5.4(d)(3) and permit the law students to appear on their behalf. This Court has the authority to waive the Local Rule requirements for student practice and has regularly done so. *See, e.g.*, Electronic Order Granting Motion for Leave to Appear as Law Students, *Reid v. Donelan*, No. 3:13-cv-30125-PBS (D. Mass. May 30, 2019), ECF No. 472 (waiving a Local Rule requirement for multiple law students); Electronic Order Granting Motion for Leave to Appear as Supervised Law Students, *Thiersaint v. Dep't of Homeland Security*, No. 1:18-cv-12406-DJC (D. Mass. April 8, 2019), ECF No. 36 (same); Electronic Order Granting Motion for Leave to Appear as Law Students, *Reid v. Donelan*, No. 3:13-cv-30125-MAP (D. Mass. Nov. 13, 2013), ECF No. 55 (same).

2

Granting waiver in this case is consistent with the spirit of Local Rule 83.5.4(d)(3). The rule enables students to work in the public interest and gain valuable real-world experience, while providing litigants who might not otherwise obtain representation with counsel. All three purposes are furthered here.

Plaintiffs are doctors challenging the Agency for Healthcare Research and Quality's (AHRQ) removal of their peer-reviewed articles from a patient safety website in violation of the First Amendment. *See* ECF No. 1. Courts in this Circuit recognize that "[p]rotecting rights to free speech is *ipso facto* in the interest of the general public." *Worthley v. Sch. Comm. of Gloucester*, 652 F. Supp. 3d 204, 216 (D. Mass. 2023); *see also Sindicato Puertorriqueno de Trabajadores v. Fortuno*, 699 F.3d 1, 15 (1st Cir. 2012) (explaining that the violation of an individual's First Amendment rights has "the concomitant effect of depriving 'the public of the right and privilege to determine for itself what speech and speakers are worthy of consideration'"). The law students have already gained valuable experience preparing this lawsuit, and they would gain significant further experience litigating the case. Coupled with the interests of patients and doctors and the constitutional right this action seeks to vindicate, the nature of this *pro bono* representation accords with the public-spirited and educative rationale of Local Rule 83.5.4(d)(3).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an order permitting Ben Menke, Bryce Morales, and Jessica Lin to appear as law students under the supervision of attorneys Jessie Rossman, Rachel Davidson, John Langford, David Schulz, Scarlet Kim, Vera Eidelman, and Tyler Takemoto in the above-captioned matter.

[*signatures on next page*]

Dated: March 14, 2025

        Respectfully submitted,

        */s/ Jessie J. Rossman*
        Jessie J. Rossman (BBO # 670685)
        Rachel E. Davidson (BBO # 707084)
        AMERICAN CIVIL LIBERTIES UNION
        FOUNDATION OF MASSACHUSETTS, INC.
        One Center Plaza, Suite 801
        Boston, MA 02018
        617-482-3170
        jrossman@aclum.org
        rdavidson@aclum.org