# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

GORDON SCHIFF and,
CELESTE ROYCE,
                    Plaintiffs,

v.

U.S. OFFICE OF PERSONNEL
MANAGEMENT,
CHARLES EZELL, in his official capacity as
Acting Director of the U.S. Office of
Personnel Management,
U.S. DEPARTMENT OF HEALTH &
HUMAN SERVICES,
ROBERT F. KENNEDY, JR., in his official
capacity as Secretary of Health and Human
Services,
AGENCY FOR HEALTHCARE RESEARCH
AND QUALITY, and
MAMATHA S. PANCHOLI, in her official
capacity as Acting Director of the Agency for
Healthcare Research and Quality,

                    Defendants.

Civil Action No. 1:25-CV-10595-LTS

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

On May 23, 2025, the Court issued an Order on a Motion for Preliminary Injunction

(ECF Doc. 43) ("Order"), and an accompanying Preliminary Injunction, (ECF Doc. 44).   The

Court granted the Motion for Preliminary Injunction in part and denied the Motion in part.

Specifically, in granting the Motion in part, the Court ordered that "Within seven days, the

defendants shall restore to PSNet complete, unaltered versions of:  Dr. Schiff's commentary on

suicide risk; Dr. Royce's commentary on endometriosis; and all other content authored by

private parties that was removed from PSNet pursuant to the defendants' implementation of

1

Executive Order No. 14,168."  (ECF Doc. 44 at 1-2).  ("First Category of Relief").  However, the Court denied "[t]he second category of relief the plaintiffs seek, which is an administrative stay enjoining the defendants from further implementing the OPM Memo in any way."  (ECF Doc. 43 at 27) ("Second Category of Relief").

Pursuant to the Court's Order, on May 27, 2025, the Defendants restored to PSNet, complete and unaltered versions of the Plaintiffs' commentaries as well as all other content authored by private parties that had been removed pursuant to the Defendants' implementation of Executive Order No. 14,168.

Defendants hereby move to dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1).  First, given that Plaintiffs' articles and the other articles that had been removed from PSNet pursuant to the Defendants' implementation of Executive Order No. 14,168, have been restored in their complete and unaltered form to PSNet;  given that HHS will keep these articles on the PSNet website for the life of the website;  and given that OPM will not enforce any OPM guidance related to Executive Order 14, 168 as to Plaintiffs' articles and the other similarly situated articles, Plaintiffs' claims  are moot.   Second, because Plaintiffs no longer have a case or controversy before the Court, they lack standing to pursue this Complaint as to their remaining claims against the OPM memorandum's enforcement against nonparties. Finally, Plaintiffs' challenges to the implementation of the OPM memorandum going forward are not ripe for adjudication.

## BACKGROUND

On March 12, 2025, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief, alleging violation of the First Amendment and violations of the Administrative Procedure Act.

(ECF Doc. 1).

On April 1, 2025, Plaintiffs filed a Motion for Preliminary Injunction and a Memorandum of Law in Support of the Motion for Summary Judgment. (ECF No. 26) ("Pl. Memo"). Plaintiffs ask this Court to grant them preliminary injunctive relief ordering that Defendants be (1) enjoined from implementing the OPM Memo and/or Executive Order 14168 by removing private speech by individuals and organizations on government-run forums; (2) enjoined from implementing the OPM Memo and/or Executive Order 14168 by refusing to accept, publish, or highlight private speech on government-run forums or otherwise burdening, restricting, or discriminating against such speech; and (3) ordered to restore to PSNet all articles, case studies and other information removed pursuant to the OPM Memo and/or Executive Order 14168. (Proposed Order) (ECF Doc. 25-1, page 2). On April 14, 2025, Defendants filed their Memorandum in Opposition to the Motion to Preliminary Injunction. (ECF Doc. 33). On April 22, 2025, Plaintiffs filed their Reply Brief. (ECF Doc. 37).

Following a hearing on the Motion, on May 23, 2025, the Court issued an Order on a Motion for Preliminary Injunction (ECF Doc. 43) ("Order"), and an accompanying Preliminary Injunction, (ECF Doc. 44).

The Court noted that, "In the order they originally proposed to the Court, the plaintiffs sought relief reaching beyond PSNet and AHRQ, and beyond speech by the plaintiffs themselves. . . . The plaintiffs somewhat narrowed their request at the hearing, defining two categories of relief the Court will address here." (ECF Doc. 43 at 24). The Court stated, "[t]he first category of relief the plaintiffs seek is the restoration of all content removed from PSNet pursuant to the Takedown Directive as AHRQ implemented it." (ECF Doc. 43 at 25). As to this First Category of Relief, the Court ordered that "Within seven days, the defendants shall restore

to PSNet complete, unaltered versions of: Dr. Schiff's commentary on suicide risk; Dr. Royce's commentary on endometriosis; and all other content authored by private parties that was removed from PSNet pursuant to the defendants' implementation of Executive Order No. 14,168." (ECF Doc. 44 at 1-2)

The Court then identified "[t]he second category of relief the plaintiffs seek, which is an administrative stay enjoining the defendants from further implementing the OPM Memo in any way." (ECF Doc. 43 at 27)

Pursuant to the Court's Order, on May 27, 2025, the Defendants restored to PSNet, complete and unaltered versions of the Plaintiffs' commentaries as well as all other content authored by private parties that had been removed pursuant to the defendants' implementation of Executive Order No. 14,168. (Declaration of Margie Shofer ("Shofer Decl.") ¶ 6) (Exhibit A). This amounted to a total of nine articles, including Dr. Schiff's and Dr. Royce's commentaries. Id. HHS will keep these nine articles posted on PSNet for as long as PSNet exists as a website (in either static or active form). (Shofer Decl. ¶ 8). In addition, OPM will not enforce any OPM guidance related to Executive Order 14,168 as to Dr. Schiff's article, Dr. Royce's article, or any other article that were previously removed from PSNet pursuant to the implementation of Executive Order 14,168 and subsequently re-posted pursuant to the Court's Order. (Declaration of Noah Peters ("Peters Decl.") ¶ 5) (Exhibit B).

PSNet is a static website, having ceased to be an active website since March 24, 2025, when its contract with Pantheon (the contractor running PSNet) ended. (Shofer Decl. ¶ 9). PSNet is not accepting any new publications. (Shofer Decl. ¶ 10).

Because Plaintiffs' commentaries have been restored to PSNet in their complete and unaltered forms, and because Defendants will not enforce the OPM Memo or any other OPM guidance as to Plaintiffs' articles or any of the other articles taken down and then reposted to the

PSNet website pursuant to the implementation of Executive Order 14,168; Plaintiffs' claims are moot. This Court no longer has jurisdiction over Plaintiffs' First Amendment claims and their request for the First Category of Relief. Likewise, the Plaintiffs' APA claims and their request for the Second Category of Relief are moot as well, given that Defendants will not enforce the OPM Memo against Plaintiffs. Alternatively, Plaintiffs lack standing to pursue any of the claims that they bring with respect to their own articles; and they have no standing to assert the rights of third parties with respect to the implementation of the OPM Memo going forward. Finally, Plaintiffs' Second Category Relief also fails for not being ripe for adjudication.

## <u>STANDARD OF REVIEW</u>

A district court should dismiss claims under Federal Rule of Civil Procedure 12(b)(1) when it lacks subject matter jurisdiction to decide them. "In ruling on a motion to dismiss for lack of jurisdiction, 'the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of plaintiff.'" *Excel Home Care, Inc. v. U.S. Dep't of Health & Human Servs.*, 316 B.R. 565, 568 (D. Mass. 2004) (quoting *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)). But "[t]hat is not to say that this leniency eliminates the plaintiff's burden of proving an appropriate jurisdictional basis." *Id.* Moreover, "[w]hile the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion and attaching exhibits to a Rule 12(b)(1) motion does not convert it to a motion for summary judgment." *Boniface v. Viliena*, 338 F. Supp. 3d 50, 60 (D. Mass. 2018) (quotation marks omitted, citing *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002), *as corrected* (May 8, 2002)).

## **ARGUMENT**

### I.    **Plaintiffs' Claims Are Moot**

Defendants respectfully request that Plaintiffs' Complaint be dismissed because the

Plaintiffs' articles have been reposted in their complete and unaltered from onto the PSNet

website, and Defendants will not enforce any OPM guidance related to Executive Order 14,168 as

to Dr. Schiff's article, Dr. Royce's article, or any other article that were previously removed from

PSNet pursuant to the implementation of Executive Order 14,168 and subsequently re-posted

pursuant to the Court's Order;  rendering their First Amendment claims as well as their APA

claims moot.

Article III of the Constitution limits federal courts' jurisdiction to certain "Cases" and

"Controversies." U.S. Const. art. III, § 2, cl. 1. "No principle is more fundamental to the

judiciary's proper role in our system of government than the constitutional limitation of federal-

court jurisdiction to actual cases or controversies." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398,

408 (2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). An actual

controversy must exist at all stages of review, not merely when the complaint is filed. *Campbell-

Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016), *as revised* (Feb. 9, 2016).

The question of mootness is a federal one, which a federal court must resolve before it

assumes jurisdiction. *Church of Scientology of California v. U.S.*, 506 U.S. 9, 12 (1992); *Barr v.

Galvin*, 626 F.3d 99, 104-5 (1st Cir. 2010). "When a case is moot—that is, when the issues

presented are no longer live or when the parties lack a legally cognizable interest in the

outcome—a case or controversy ceases to exist, and dismissal of the action is compulsory." *Cruz*

*v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001); *see also Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). A claim will be considered no longer "live" when a court cannot provide effectual relief because no justiciable case remains. *Oakville Dev. Corp. v. FDIC*, 986 F.2d 611, 613 (1st Cir. 1993). A court is prohibited from issuing an advisory opinion, so a moot case must be dismissed. *Mangual v. Rotger-Sabat*, 317 F.3d 45, 60 (1st Cir. 2003) ("If events have transpired to render a court opinion merely advisory, Article III considerations require dismissal of the case."); *see also Spencer v. Kemna¸* 523 U.S. 1, 18 (1998).

In the present case, the Court, by its Order of May 23, 2025, granted Plaintiffs' motion for preliminary injunction on their First Amendment claims and ordered the Defendants to restore to PSNet, complete and unaltered versions of the Plaintiff's articles as well as other articles authored by private parties that had been taken down from PSNet pursuant to the Defendants' implementation of Executive Order No. 14, 168.   (ECF Doc. 44 at 1-2).  However, the Court denied the preliminary injunction motion on the APA claims, noting that the broader relief sought by Plaintiffs (enjoining Defendants from further implementing the OPM Memo in any way), "is not necessary to provide complete relief ot the plaintiffs for the First Amendment injuries they have suffered."  (ECF Doc. 43 at 27).

Defendants have complied with the Court's May 23, 2025, Order by reposting both Dr. Schiff's and Dr. Royce's commentaries back onto the PSNet website in their complete and unaltered form.   (Shofer Decl. ¶ 6).  Further, Defendants have also re-posted the seven other articles authored by private parties that had been removed from the website in January 2025 in the course of HHS's implementation of the EO and the OPM Memo.  *Id.*   Because Plaintiff's own articles (as well as all similarly situated articles) have been re-posted in their complete and

unaltered form onto the PSNet website, Plaintiffs have received "complete relief" on their First Category of Relief, the First Amendment claims, which are now moot. In addition, Plaintiffs' Second Category of Relief, (seeking to enjoin Defendants from enforcing the OPM Memo going forward), which is tied to their APA claims, is also moot. OPM has represented that will not enforce any OPM guidance related to Executive Order 14,168 as to Dr. Schiff's article, Dr. Royce's article, or any other article that were previously removed from PSNet pursuant to the implementation of Executive Order 14,168 and subsequently re-posted pursuant to the Court's Order. Likewise, HHS has represented that it will keep the Plaintiffs' articles up on the PSNet website as long as PSNet exists as a static or active website. For these reasons, Plaintiffs First Amendment and APA claims, as well as their requests for relief, are moot.

The First Circuit has recognized two exceptions to rule of mootness, namely (1) the exception of voluntary cessation and (2) the exception of "capable of repetition yet evading review;" *Corrigan v. Boston University*, 98 F.4th 346, 353 (1st Cir. 2024) (2018); but neither of those exceptions apply here.

The voluntary cessation exception applies where "a defendant voluntary[ily] cease the challenged practice in order to moot the plaintiff's case . . . and there exists 'a reasonable expectation that the challenged conduct will be repeated following dismissal of the case." *Corrigan*, 98 F.4th at 353. In the present case, with respect to the total of nine articles (including those of the Plaintiffs) that have been reposted onto PSNet, HHS has represented that is the intention of HHS to keep those articles on the PSNet for as long as it remains a website (either static or active). (Shofer Decl. ¶ 8). In addition, OPM has represented that it will not enforce any OPM guidance related to Executive Order 14,168 as to Dr. Schiff's article, Dr. Royce's article, or any other article that were previously removed from PSNet pursuant to the implementation of Executive Order 14,168 and subsequently re-posted pursuant to the Court's Order. (Declaration of

Noah Peters ("Peters Decl.") ¶ 5).   Thus, there is no reasonable expectation that the Defendants will take down any of the articles even after this lawsuit is over.

In the second exception to the mootness rule, "capable of repetition yet evading review" also does not apply here.   To gain the benefit of this exception, "a plaintiff [must] show that (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *See Corrigan*, 98 F.4[th] at 353;  ( *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (the capable-of-repetition-yet-evading review exception "applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality.")

In the present case, Plaintiffs cannot satisfy the first element because the "challenged action" (the removal of articles from the PSNet website) had already been fully completed (to meet the deadlines set forth in the OPM Memo) before the instant lawsuit was filed.   Plaintiffs also cannot show the second element of a reasonable expectation that they would be subjected to the same action again, given HHS's, representation, under oath, that it  will keep the nine articles up on the PSNet website during the life of the website;  and OPM's representation, also under oath, it will not enforce the OPM Memo or any OPM guidance related to Executive Order 14,168 as to the nine articles.

Thus in *Corrigan*, the First Circuit held that when a Boston University graduate student brought a lawsuit against the university alleging that it had violated the Americans with Disabilities Act by requiring her to comply with the mandatory COVID-19 program and suspending her for not doing so, the district court correctly dismissed the case as moot once the university ended the testing program.   The First Circuit held that the case "presents a classic illustration of mootness,"

*Corrigan*, 98 F.4th at 352, and that neither the voluntary cessation or "capable of repetition yet evading review" exception applied.  *Id*.  at 353-353.

Accordingly, this Court should find that Plaintiff's claims are moot.

**II.    Plaintiffs Lack Standing**

Alternatively, even if Plaintiff's claims were not moot, which they are; the Complaint should also be dismissed because Plaintiffs now lack standing to pursue their own claims or the claims of third parties.

In its May 23, 2025, Order, the Court found that Plaintiffs had standing to pursue the claims sought in their Preliminary Injunction Motion because Plaintiffs were asserting "their own rights" and therefore had alleged a "concrete and imminent harm to" their own "legally protected interest."  (ECF Doc. 43 at 12 -13).   However, now that Plaintiffs' articles have been reposted to PSNet in their complete and unaltered form, they no longer have standing to pursue their Complaint.

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  "If a party lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case." *United States v. AVX Corp.*, 962 F.2d 108, 114 (1st Cir. 1992).  "The burden of alleging facts necessary to establish standing falls upon the party seeking to invoke the jurisdiction of the federal court."  *Benjamin v. Aroostook Medical Center, Inc*., 57 F.3d 101, 104 (1st Cir. 1995) (citing *Warth*, 422 U.S. at 501).

Federal courts are empowered only to decide "cases and controversies."  U.S. Const., Art. III.   A party who invokes a federal court's authority must show that: (1) he or she personally has suffered an "injury in fact" – an invasion of a legally protected interest that is concrete and

particularized, and which is actual or imminent ;  (2) the injury can fairly be traced to the challenged conduct of the defendant; and (3) the injury likely will be redressed by a favorable decision from the court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992); *Valley Forge Christian Coll. v. Americans United for Separation of Church and State,* 454 U.S. 464, 471 (1982); *Vote Choice, Inc. v. DiStefano,* 4 F.3d 26, 36 (1st Cir.1993).

The complaining party must satisfy this test throughout the litigation, not just at the moment when the complaint is filed. *See Steffel v. Thompson,* 415 U.S. 452, 459 n. 10 (1974).

While the Court, in its May 23, 2025, Order, found that the Plaintiffs had standing to pursue their claims at that time, the circumstances have changed since that Order.  Specifically, on May 27, 2025, the Plaintiffs' articles were back up on the PSNet website in their complete and unaltered form.  The Plaintiffs currently are not suffering any injury or harm.  Instead, they have been given "complete relief," and, as discussed above, their First Amendment claims are moot.  In short, Plaintiffs no longer have standing.

Because Plaintiffs' own injuries have been completely addressed with respect to their First Category of Relief, they no longer have standing to pursue their own claims in seeking the broader Second Category of Relief (forward-looking implementation of the OPM Memo).

Nor do Plaintiffs have standing to pursue their Second Category of Relief on behalf of third parties.  "Parties generally cannot assert another person's legal rights unless the litigant (1) has suffered an injury in fact; (2) has a close relationship to the third party; and (3) there "exists some hindrance to the third party's ability to protect his or her own interests." *Murphy v. Bernier*, 735 F.Supp.3d 55, 62 (D. Mass 2024) (citing *Powers v. Ohio*, 499 U.S. 400, 411 (1991)).  Here, Plaintiffs cannot assert the right of nameless, unidentified third parties with whom they have no relationship.

11

For these reasons, Defendants respectfully request that the Court find that Plaintiffs lack standing to pursue either the First Amendment or APA claims of the Complaint.

**III.**     **Plaintiff's Second Category of Relief Is Not Ripe**

In its May 23, 2025, Order, the Court denied the Plaintiff's Second Category of Relief, namely their request for "an administrative stay enjoining the defendants from further implementing the OPM Memo in any way."  (ECF Doc. 43 at 27).  The Court noted that: "The plaintiffs connect this request to their APA claims.  This position suggests, and the Court agrees, that the broader relief within this second category is not necessary to provide complete relief to the plaintiffs for the First Amendment injuries they have suffered."  Id.  The Court then further explained:

> For reasons the Court has cited, the record does not presently support prospective relief on the APA claims in the form the plaintiffs urge.  As noted, there is no evidence before the Court suggesting the plaintiffs face ongoing or future harm arising from the OPM Memo, or that the defendants are likely to take further steps to implement the OPM Memo with respect to PSNet or any other government run forum where the plaintiffs publish or access information in the course of their work.

(ECF Doc. 43 at 27).

Ripeness like standing, is a doctrine of justiciability.  *See Susan B. Anthony List v. Driehuas*, 573 U.S. 149 (2014).   "[T]he Supreme Court has reinforced that ripeness doctrine seeks to prevent the adjudication of claims relating to "contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998).  Ripeness is rooted in Article III, and the federal courts must consider ripeness as part of their assessment of whether they have jurisdiction to hear a lawsuit.  *Reddy,* 845 F.3d at 501 (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).  'Even a facial challenge to a statute is constitutionally unripe until a plaintiff can show

that federal court adjudication would redress some sort of imminent injury that he or she faces."

*Reddy,* 845 F.3d at 501 (citing *Texas v. United States*, 523 U.S. at 301).

In the present case, as this Court rightly noted, "there is no evidence before the Court suggesting the plaintiffs face ongoing or future harm arising from the OPM Memo, or that the defendants are likely to take further steps to implement the OPM Memo with respect to PSNet or any other government run forum where the plaintiffs publish or access information in the course of their work." (ECF Doc. 43 at 27). The Court's finding is reinforced by the fact that the PSNet website is a static website which is no longer accepting any new publications. (Shofer Decl. ¶¶ 8 & 9). And again, the facts have developed since the Court's initial conclusions. Not only does no evidence indicate that Plaintiffs will face future harm from the OPM Memo, but now sworn Declarations from HHS and OPM affirmatively attest to this fact. (Shofer Decl. ¶ 8); (Peters Decl. ¶ 5). HHS has represented to this Court its intention to keep Plaintiffs' articles (and the seven other similarly situated articles) posted on the PSNet website for as long as PSNet remains a static or active website. *Id.* OPM has represented that it will not enforce any OPM guidance related to Executive Order 14,168 as to Dr. Schiff's article, Dr. Royce's article, or any other article that were previously removed from PSNet pursuant to the implementation of Executive Order 14,168 and subsequently re-posted pursuant to the Court's Order.

For these reasons, Defendants respectfully request that the Court find that Plaintiffs' Second Request for Relief is not ripe for review, and that the Court lacks jurisdiction over the same.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court dismiss the Complaint for lack of subject matter jurisdiction.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: June 16, 2025          By:     */s/ Shawna Yen*
SHAWNA YEN
Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3100
Shawna.Yen@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Dated:  June 16, 2025          By:     */s/ Shawna Yen*
SHAWNA YEN
Assistant United States Attorney