UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GORDON SCHIFF and<br>CELESTE ROYCE,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. OFFICE OF PERSONNEL<br>MANAGEMENT et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 25-10595-LTS |

ORDER ON DEFENDANTS' MOTION TO DISMISS (DOC. NO. 47)

September 3, 2025

SOROKIN, J.

Gordon Schiff and Celeste Royce, two physicians and professors, filed this action in March 2025 to challenge the removal of articles they authored from a government-hosted patient-safety website. See Doc. No. 1.[1] On May 23, 2025, the Court found that the plaintiffs had standing to bring this lawsuit, were likely to succeed on the merits of their claims that the defendants' actions violated the First Amendment to the United States Constitution and the Administrative Procedure Act, had suffered irreparable harm, and had shown that the balance of harms and the public interest favored granting them preliminary-injunctive relief. See Doc. No. 43. Accordingly, the Court entered a preliminary injunction requiring the defendants to restore "complete, unaltered versions of" two articles authored by the plaintiffs, as well as "all other content authored by private parties that was removed from" the patient-safety website "pursuant

---

[1] Citations to "Doc. No. __ at __" reference document and page numbering appearing in the header appended to each item by the Court's electronic docketing system.

to the defendants' implementation of" an Executive Order concerning "gender ideology." Doc. No. 44 at 1–2.

Although the defendants had claimed implementing such an order would be "oppressive," "onerous," and "likely impossible," Doc. No. 33 at 33, they managed to comply ahead of schedule. On May 27, 2025, the defendants reposted the articles they had removed, including those by Drs. Schiff and Gordon. Doc. No. 48-1 ¶¶ 6–7; Doc. No. 48-2 ¶ 4. The articles remain available, in their original form, though the patient-safety website is "static," no longer "accepting any new publications." Doc. No. 48-1 ¶¶ 9–10.

Having done what the Court ordered them to do, the defendants now present a rather bold request. They seek dismissal of this action in its entirety, suggesting their compliance with the preliminary injunction strips this Court of subject-matter jurisdiction. Doc. No. 47 at 1. According to the defendants, restoration of the articles—the removal of which the Court deemed "a textbook example of viewpoint discrimination by the defendants in violation of the First Amendment," Doc. No. 43 at 1—wipes away the plaintiffs' standing, renders their claims either moot or unripe, and prevents this case from proceeding to final judgment. Id.; see Doc. No. 48 at 6–13.

The plaintiffs disagree. They have refuted each of the defendants' arguments in a persuasive and well-supported memorandum. See Doc. No. 51 at 12–22. The plaintiffs have also addressed why updated guidance by the Office of Personnel Management ("OPM") issued in July, only days before the plaintiffs filed their opposition memorandum, does not justify dismissal. Id. at 11–12, 19. The defendants have replied, Doc. No. 52, the motion is now ripe, and the Court resolves it on the papers. Largely for the reasons articulated by the plaintiffs, which require only brief additional comment by the Court, the defendants' motion is DENIED.

The defendants raised unsuccessful—and, in some cases, borderline frivolous—challenges to the plaintiffs' standing and this Court's subject-matter jurisdiction in opposing the motion for a preliminary injunction. See Doc. No. 43 at 11–15 (explaining why there was no need to "linger long" over defendants' "meritless" jurisdictional arguments). Such challenges fare no better now than they did then.[2]

Generally speaking, a defendant cannot avoid litigating a matter fully, to its conclusion, by complying with the requirements of a court order awarding preliminary-injunctive relief to a plaintiff. "Preliminary injunctions . . . do not conclusively resolve legal disputes." Lackey v. Stinnie, 145 S. Ct. 659, 667 (2025). Rather, they "preserve the relative positions of the parties until a trial on the merits can be held, and balance the equities as the litigation moves forward." Id. (citation modified). That is why many preliminary injunctions, including the one issued here, contain language specifying that their terms will expire upon entry of final judgment. See Doc. No. 44 at 2. Only a plaintiff who ultimately succeeds on the merits and secures a permanent injunction is guaranteed relief that will extend beyond the pendency of the lawsuit. The plaintiffs here wish to pursue—but have not yet obtained—such lasting relief. The defendants' compliance with the preliminary injunction does not provide an escape hatch from the remainder of the litigation process.

For one thing, the defendants did not voluntarily repost the articles they had unlawfully removed. That is, they did not independently realize the error of their ways, acknowledge their violation of the plaintiffs' constitutional and statutory rights, and relent. Quite the opposite.

---

[2] To evaluate the defendants' motion, which arises under Federal Rule of Civil Procedure 12(b)(1), the Court considers: the plaintiffs' allegations; the record supporting their preliminary-injunction motion, including the exhibits thereto; and the parties' submissions related to the pending motion. See Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002) (noting materials beyond the pleadings may be considered on Rule 12(b)(1) motion).

3

They refused to repost the articles absent alterations they could not lawfully demand, they denied that their actions had violated any federal law, and they opposed the plaintiffs' request for a court order requiring reposting. Only after the Court preliminarily rejected the defendants' legal positions and required them to repost the articles while this lawsuit continues did they reverse course. This was not voluntary cessation.

Even if it were, it would not establish mootness or otherwise deprive this Court of subject-matter jurisdiction. This Court's "constitutional authority cannot be so readily manipulated." FBI v. Fikre, 601 U.S. 234, 241 (2024). The defendants' conduct to date seriously undermines the tepid assurances offered via declarations by two agency representatives that neither OPM nor HHS presently intends to remove (again) the reposted articles. See Doc. No. 48-1 ¶ 9; Doc. No. 48-2 ¶ 5.[3] At this stage, the Court declines to credit those assurances. The defendants simply have not met "the formidable burden" they bear in this context "of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 190 (2000); accord Corrigan v. Bos. Univ., 98 F.4th 346, 353 (1st Cir. 2024). Dismissal would lift the preliminary injunction and leave the defendants free to "pick up where [they] left off," and the record here falls far short of making it "absolutely clear" that they will not do so. Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013).

---

[3] The Court notes one of the same declarants previously attested that the defendants likely lacked "the technical ability to post any new content" and were "unable to accept" the plaintiffs' "re-published articles" on the relevant website. Doc. No. 33-1 ¶¶ 23, 25. Those statements proved inaccurate. The second declarant speaks only on behalf of one defendant (OPM) and equivocates as to whether the Executive Order and related administrative guidance at issue in this lawsuit "ever applied" to the plaintiffs' publications. Doc. No. 48-2 ¶ 5.

5

For these reasons, and as more fully explored in the plaintiffs' memorandum, Doc. No. 51 at 12–22, the defendants' motion is DENIED. The effect, if any, of OPM's updated guidance regarding the relevant Executive Order on the plaintiffs' claims is better evaluated as the case proceeds. The Clerk shall schedule a Rule 16 conference in this case.

                                                SO ORDERED.

                                       /s/ Leo T. Sorokin
                                    United States District Judge